üláere, Judge.
No rule of the common law expressly decides that the stealing of a slave is larceny, but there is a rule which says, the stealing the personal goods of another, with a ielonious intent, is larceny ; and a slave is the personal chattel of his owner: the rule protects every speceies of personal property, though not known as a subject of property when the law was found. With regard to the act of Assembly, it was passed in turbulent times, when it had become a practice to carry away slaves under pretence that they belonged to the public as confiscated, or were owned by disaffected persons or the like ; they were sometimes carried off privately and by stealth ; at other times openly and by violence: the word “steal” reaches the former case ; the words next following, repress the mischiei of *107 a carrying away by open force, or by persuasion or other mean» than bv stealth, but nevertheless with an intention to appropriate to his own use : the word “ steal” ex' vi termini, includes an intention to appropriate to his ovra use, or to sell or dispose of to another, and therefore the intention expressed in the act, it applied to the case of stealing, is useless- and redundant. The offence meant by the legislature, is completely described without them by the word “steal,” but with respect to the latter branch, the taking and carrying away by violence, fee. do not necessarily import the intention mentioned in the act, and is not so detrimental and injurious as when accompanied by that intention % in that pare oi the act, the intention is a principal ingredient of the offence, and to that it is applicable, and not to the other y and I am of opinion not to arrest the judgment.
Haywood^ judge, concurred in opinion not to arrest judg-mem,
¿lucre — As the indictment comiudwl'against the form of the act, whether it were good ao-au indictment at the common law and whether iu all events-be was not entitled to clergy ; which is not taken away nulcsu-the indictment state every circumstance as attendant on the fact, that the act. itself states and brings the prisoner within the very letter. 2 M. H. P. C. 336, 344. Dyer, 183. 1 Bl. C. 88.